CURRY *v.* MAXWELL, WARDEN.

[Cite as Curry v. Maxwell, Warden, 3 Ohio St. 2d 107.]

(No. 39351—Decided July 7, 1965.)

*Mr. Ollie Eugene Curry, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner's primary contention is that, having been indicted for armed robbery, he could not be convicted of robbery on the same indictment.

The elements of the offense of robbery are identical with those of armed robbery, with the exception that armed robbery requires the additional element that the crime be perpetrated by one armed with a pistol, knife or other dangerous weapon. Thus, robbery is a lesser included offense of armed robbery. See *State* v. *Hreno,* 162 Ohio St. 193.

Under the provisions of Section 2945.74, Revised Code, the jury may find an accused guilty of a lesser included offense of the one charged in the indictment. This is what occurred in the instant situation.

Petitioner argues also that even though he had counsel, such counsel forced him to conduct his own trial including

making the closing statement to the jury. However, on examination at his hearing, it devolved that petitioner's statement was not accurate. He admitted that his counsel did examine him and the other witness presented on his behalf and did make a short closing statement to the jury. Petitioner testified also that he attempted to make objections during the course of the trial but that the judge told him to sit down. Apparently, we have here an individual who believed that he could conduct his defense better than his counsel and who tried to interfere in the conduct of the trial. There is no evidence of lack of competence on the part of his counsel other than that which exists in petitioner's own mind.

Petitioner urges further that in the course of the trial the state made reference to a crime for which petitioner had been indicted but not tried. In the absence of a bill of exceptions we have nothing to substantiate this claim. However, petitioner makes no allegation that objection was made in relation to this alleged action of the prosecuting attorney so that the jury could be instructed to disregard the statement of the prosecuting attorney. Under such circumstances it can be determined only that petitioner waived any error in relation thereto.

Petitioner has not established any ground which entitles him to release.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.